JUDGE TUCKER,
having stated the case as above, proceeded.
Here are two counts in this declaration ; the one begins in covenant, and concludes in case; the second is altogether in case. There is but one plea, and that is to the count which begins in covenant, leaving the other count unanswered.
Upon a view of this agreement, it appears not to be a lease in itself, nor even a demise, but an agreement to make a lease with certain covenants and conditions therein, (a) The only breach capable of being assigned upon this agreement, (to which Samuel Terrell only, and not Robert and Samuel, (b) is a party,) would be, that the defendant refused to make a lease pursuant thereto; and as Robert Terrell, though named, is not, in fact, a party to this agreement, no action can be sustained by him upon it. I am, therefore, of opinion, that judgment ought to be arrested upon the first count; and that upon the second count, there being no non pros entered by the plaintiff, the cause ought to be sent back for further proceedings to be had upon that count, agreeably to the decision in Cooke v. Simms, (c)
*JUDGE ROANE
was of opinion, that the judgment of the District Court was perfectly correct, and ought to be affirmed.

 See 2 Call. 34. the opinion of Jiroe* Lyons.

Id) See Esp. N. P. 246, 3d edit.

 2 Call, 39.

Executors and Administrators — Persona! judgment. —The principal case is cited in foot-note to Pugh v. Jones, 6 Leigh 299; foot-note to Wills v. Dunn, 5 Gratt. 884; Jones v. Reid, 12 W. Va. 370.
Same — Devastavit — Declaration. — In devastavit against an exeentor, the plaintiff may declare in and detinet both; yet if he declares in detinet only, it is not bad, but he shall only have judgment de bonis testatoris. Bailey v. Beckwith, 7 Leigh 607, citine Spotswood ¶. Price, 3 lien. & M. 123.
See monographic mofe on “Executors and Administrators” appended to Rosser v. Depriest, 5 Gratt. 6.